1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7   LARRY MOORE, as an individual and   )   No. C-09-1814 SC
    on behalf of all others similarly   )
8   situated,                           )   ORDER GRANTING
                                         )   APPLICATION TO FILE
9              Plaintiffs,               )   FIRST AMENDED
                                         )   COMPLAINT; DENYING
10       v.                              )   REQUEST FOR HEARING;
                                         )   DENYING MOTION TO
11  C.R. ENGLAND, INC., a corporation;   )   TRANSFER
    and DOES 1 through 50, inclusive,    )
12                                       )
               Defendants.               )
13                                       )
    _____)

14  **I.   INTRODUCTION**

15           Before the Court is Plaintiff's Ex Parte Application for

16  Leave to File a First Amended Complaint and for Hearing Regarding

17  Jurisdiction.  Docket No. 31 ("Ex Parte Application").

18  Plaintiff's proposed First Amended Complaint ("FAC") is attached

19  as Exhibit A to the Declaration of Larry W. Lee.  Docket No. 31-1.

20  Defendant C.R. England ("Defendant") filed a Response to the Ex

21  Parte Application.  Docket No. 32 ("Def.'s Resp.").  For the

22  reasons set forth below, the Court GRANTS Plaintiff leave to file

23  a First Amended Complaint ("FAC"), and DENIES Plaintiff's request

24  for a hearing regarding jurisdiction.  The Court also DENIES

25  WITHOUT PREJUDICE Defendant's pending Motion to Transfer.

26

27  **II.  BACKGROUND**

28           On April 24, 2009, Defendant removed this putative class

**United States District Court**
For the Northern District of California

action lawsuit from Alameda County Superior Court. Docket No. 1 ("Notice of Removal"). Plaintiff alleges that he was employed both as a trainee truck driver and as a truck driver by Defendant, and that during the period of his employment, Defendant violated provisions of the California Labor Code and the Business and Professions Code. See Notice of Removal Ex. A ("Compl.") ¶¶ 1-5, 8-16, 30-79. Plaintiff sought to represent a class consisting of both trainee truck drivers and truck drivers. Id. ¶ 17. On August 13, 2009, Defendant filed a motion to transfer this case to the District of Utah based on a forum selection clause in the independent contractor agreement allegedly signed by Plaintiff when he was hired as a truck driver. See Docket No. 29 ("Mot. to Transfer"); Docket No. 30 ("Mem. of P&A in Supp. of Mot. to Transfer"). Plaintiff's opposition to the Motion to Transfer is due on September 4, 2009. On August 27, 2009, Plaintiff sought leave to file a FAC.

**III.  LEGAL STANDARD**

With leave of the court, a party may amend its pleadings, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In determining whether leave to amend is appropriate, the district court considers the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted).

**United States District Court**
For the Northern District of California

### IV.   **DISCUSSION**

Plaintiff seeks leave to file a FAC in order to limit "Plaintiff's claims to only claims on behalf of persons employed by Defendant as employee trainee drivers and specifically excluding all time periods wherein such persons performed work as an independent contractor pursuant to any independent contractor agreement."  Ex Parte Application at 2.  Plaintiff seeks to limit the class in this way in order to avoid having the Court rule on Defendant's pending Motion to Transfer, which is based on a forum selection clause in the independent contractor agreement allegedly signed by truck drivers after the training period.  Id.  Defendant "has no objection to Plaintiff's request to narrow the scope of the claims being asserted and the breadth of the class of drivers on whose behalf those claims will be purportedly advanced."  Def.'s Resp. at 2.

Based on the fact that Defendant does not object to Plaintiff's proposed amendment, granting leave to amend would not prejudice the opposing party.  This case is still in its early stages, so the Court finds no undue delay in seeking leave to amend.  Nor is there any reason to think the request for leave to amend is made in bad faith or that the amendment would be futile. The Court GRANTS Plaintiff leave to file a FAC.

Plaintiff seeks to have the Court simultaneously issue "an order to show cause whether jurisdiction under the Class Action Fairness Act ("CAFA"), still exists for the smaller class of employee trainee drivers only alleged in the proposed First Amended Complaint."  Ex Parte Application at 3.  However,

-3-

United States District Court

For the Northern District of California

post-removal amendments to a complaint cannot divest a court of federal jurisdiction.  See, e.g., Hamdy v. Guardsmark, LLC, No. 08-06807, 2009 WL 961375, at *3 (C.D. Cal. Apr. 8, 2009).  The Court DENIES Plaintiff's request for a hearing regarding jurisdiction.  To the extent Plaintiff has valid concerns regarding this Court's jurisdiction, the Court encourages Plaintiff to file an appropriate motion.

Defendant requests that Plaintiff's misclassification claims should be dismissed without prejudice and Defendant also suggests that some of the causes of action that remain in the proposed FAC should be dismissed.  Def.'s Resp. at 2.  To the extent that Defendant objects to Plaintiff's causes of action, Defendant may file a motion to dismiss those claims after the FAC has been filed.

Finally, Defendant "agrees that, in light of Plaintiff's narrowed class, the parties' agreement to litigate any disputes in the District of Utah no longer compels the transfer of this case to that district."  Id. at 3.  The Court therefore DENIES WITHOUT PREJUDICE Defendant's pending Motion to Transfer as MOOT.  This denial has no impact upon any future motion to transfer filed by Defendant after the FAC has been filed.

**V.   CONCLUSION**

For the reasons described above, the Court GRANTS Plaintiff leave to file a First Amended Complaint that conforms to the Proposed First Amended Complaint attached as Exhibit A to the Declaration of Larry W. Lee.  The First Amended Complaint must be

-4-

1   filed within five (5) days of this Order.  The Court DENIES

2   Plaintiff's request for a hearing regarding jurisdiction.  The

3   Court DENIES WITHOUT PREJUDICE Defendant's Motion to Transfer.

4   The hearing on Defendant's Motion to Transfer scheduled for

5   September 25, 2009, is VACATED.

7        IT IS SO ORDERED.

9        Dated: September 2, 2009

         _____
         UNITED STATES DISTRICT JUDGE