IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY MOORE, as an individual and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> C.R. ENGLAND, INC., a corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 09-1841 SC <br><br> ORDER RE: DEFENDANT'S <u>MOTION TO TRANSFER</u> |

## I.  INTRODUCTION

This suit is a purported class action on behalf of California employees who recently worked as truck driver trainees for Defendant C.R. England, Inc. ("Defendant").  See First Am. Compl. ("FAC"), Docket No. 34.  Defendant seeks to transfer this action to the District of Utah, or in the alternative, to the Central District of California ("Central District").  See Second Mot. to Transfer ("Motion"), Docket No. 36.  Plaintiff Larry Moore ("Plaintiff" or "Moore") has filed a limited Opposition to the Motion, Docket No. 40, and Defendant has filed a Reply, Docket No. 41.  Having considered the submissions of both parties, the Court finds that this matter is appropriate for decision without oral arguments.  For the reasons stated below, the Court hereby DENIES

Defendant's request to transfer this suit to Utah, but GRANTS Defendant's alternative request to transfer to the Central District of California.

## II. BACKGROUND

Defendant is in the business of transporting temperature-sensitive freight, such as produce and chemicals, throughout the United States. Nelson Hayes Decl. ¶ 3.[1] In early-to-mid 2008, Plaintiff worked as an employee for Defendant, where he served as a trainee truck driver. Compl. ¶ 8. Defendant is headquartered and incorporated in the state of Utah, and does business in the state of California. Id. ¶ 9; Notice of Removal, ¶ 3. Plaintiff resides in Hesperia, California. Moore Decl. ¶ 2; Opp'n at 11.

Plaintiff claims that while he was a trainee for Defendant, he was not reimbursed for his work-related expenses and costs, was denied meal breaks, was not provided accurate wage statements, and was subject to various other violations of the California Labor Code and Business and Professions Code. Compl. ¶ 8. He filed this suit in the Superior Court for Alameda County, and Defendant removed it to the Northern District of California ("Northern District"). See Notice of Removal.

## III. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been

---

[1] Nelson Hayes ("Hayes"), general counsel for Defendant, filed a declaration in support of the Motion to Dismiss. Docket No. 36 Ex. A.

2

1 brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to
2 "prevent the waste of time, energy, and money and to protect
3 litigants, witnesses and the public against unnecessary
4 inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612,
5 616 (1964) (internal quotation marks omitted). "A motion for
6 transfer lies within the broad discretion of the district court,
7 and must be determined on an individualized basis." Foster v.
8 Nationwide Mut. Ins. Co., No. 07-4928, 2007 WL 4410408, at *1 (N.D.
9 Cal. Dec. 14, 2007) (citing Jones v. GNC Franchising, Inc., 211
10 F.3d 495, 498 (9th Cir. 2000)).

11     To support a motion for transfer, the moving party must
12 establish that venue is proper in the transferor district, the
13 transferee district is one where the action might have been
14 brought, and the transfer will serve the convenience of the parties
15 and witnesses and will promote the interests of justice. Foster,
16 2007 WL 4410408 at *2. In determining this issue, courts look to
17 the following factors: (1) plaintiff's choice of forum; (2)
18 convenience of the parties and witnesses; (3) ease of access to the
19 evidence; (4) familiarity of each forum with the applicable law;
20 (5) feasibility of consolidation with other claims; (6) any local
21 interest in the controversy; and (7) the relative court congestion
22 and time to trial in each forum. See id.

23

24 **IV.  DISCUSSION**

25     This Motion to Transfer comes before the Court in a unique
26 context. Defendant seeks, first and foremost, to transfer this
27 suit to the District of Utah, where it is headquartered. Defendant
28 requests, in the alternative, that the Court transfer the suit to

3

the Central District of California. Although Plaintiff opposes the request to transfer this suit to Utah, Plaintiff does not oppose the request to transfer to the Central District of California, and in fact argues in favor of transfer to the Central District in certain portions of his Opposition. Opp'n at 2, 18-19. In short, both parties are amenable to transfer to the Central District of California, though transfer to Utah remains contested.

The Court notes that this action could have been brought in either the District of Utah or the Central District of California. Venue would be appropriate in either district because Defendant is headquartered out of Salt Lake City, Utah, and operates within California. Hayes Decl. ¶¶ 3, 5. It has two offices in Mira Loma, California, and another office in Ventura, California -- all of which are located in the Central District of California. Id. at 5. These same facts are also sufficient to establish personal jurisdiction over Defendant in either District.

### A. Plaintiff's Choice of Forum

In general, a plaintiff's choice of forum carries substantial weight in a motion to transfer venue. See, e.g., Foster, 2007 WL 4410408 at *2; Flint v. UGS Corp., No. 07-4640, 2007 WL 4365481, at *3 (N.D. Cal. Dec. 12, 2007). However, there are a number of factors that can detract from the weight of this consideration. First, a plaintiff's choice of forum is often accorded less weight in the class-action context. See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). Second, "the degree to which courts defer to the plaintiff's chosen venue is substantially reduced when the plaintiff's choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint."

4

Inherent.com v. Martindale-Hubbel, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006) (quoting Carolina Cas. Co. v. Data Broad. Corp., 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001)).  "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration."  See Pacific Car and Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968).

This factor weighs little, if at all, against transfer to the Central District of California.  Plaintiff has expressed ambivalence as between the Central and Northern District.  In addition, Plaintiff resides in the Central District of California, Opp'n at 11, has offered no explanation for his decision to file in the Northern District, and has identified no factual connection between the Northern District and this litigation as it pertains to his own cause of action.  This significantly undercuts his interest in retaining jurisdiction in the Northern District -- at least as compared with the Central District.

Notwithstanding the balance of this consideration as between the Northern and Central Districts, the Court concludes that this factor still weighs against transfer to the District of Utah.  The Court sees no reason to read Plaintiff's choice of forum narrowly, at least while comparing the chosen forum to a more distant and less connected forum.  Although Plaintiff has failed to explain his decision to file in the Northern District of California, as opposed to Central District, the reasons for his choice of a California forum are obvious: Plaintiff seeks to represent a class of California employees for violations of California statutes.  The

5

Court considers this to be a significant factor against transfer to Utah.

## B. Convenience of Parties and Witnesses

The convenience of witnesses is often the most important factor in resolving a motion to transfer. Bunker v. Union Pac. R.R. Co., No. 05-4059, 2006 WL 193856, at *2 (N.D. Cal. Jan. 23, 2006). "In analyzing whether transfer of a case would serve the convenience of the witnesses, the Court must look at who the witnesses are, the nature of what the testimony will be, and why such testimony is relevant or necessary." Flint, 2007 WL 4365481 at *4.

Both parties suggest that this factor favors the Central District of California over the Northern District. Defendant has three offices in the Central District. Hayes Decl. ¶ 5. Defendant claims that one of the two experienced truck drivers who were paired with Plaintiff when he was a trainee resides in Crestline, California, which is located in the Central District.[2] Id. ¶ 12. Plaintiff was trained for weeks in the Mira Loma facility, where Defendant "has a major location including a truck yard and a truck driving school," and where Plaintiff was "trained on the policies and practices of Defendant . . . ." Moore Decl. ¶¶ 3, 4; see also Hayes Decl. ¶ 10. Because Plaintiff seeks to represent only California trainees, many factual witnesses for the class, as well as the class members themselves, are likely to reside in or around the Central District. See Moore Decl. ¶¶ 4-5 (claiming that Plaintiff participated with approximately fifty other trainees, who

---

[2] The other truck driver is said to reside in Sheridan, Wyoming, Hayes Decl. ¶ 5, and would therefore not likely find it convenient to participate in litigation in any suggested location.

rotated through the program at Mira Loma on a monthly or bi-monthly basis).

Defendant contends that this factor favors transfer to Utah even more strongly than it favors transfer to the Central District. Trainee drivers apparently communicate frequently with Defendant's offices in Utah, "so that England can process drivers' compensation and comply with federally-mandated record retention requirements," presumably from within Utah. Hayes Decl. ¶ 15. Defendant points out that Plaintiff's training coordinator, as well as the company's driver managers, are located in Salt Lake City, Utah -- along with "[v]irtually all" of Defendant's operational and managerial personnel, and "virtually all" of the documents related to this litigation. Id. ¶¶ 11, 18. Although Defendant does not specify precisely what kind of testimony these individuals are likely to provide, the Court finds it credible that Utah will be convenient for many employee witnesses who can verify Defendant's payment practices, and overtime and break policies.

Neither party has explained why litigation in the Northern District would be convenient for anybody involved in this litigation. Consequently, this factor favors transfer. Because Defendant claims that its payroll and personnel policies were centered out of Salt Lake City, id. ¶ 16, Utah would likely be a very convenient forum for Defendant, and would not be terribly inconvenient for Plaintiff. However, because Plaintiff and other potential class members are likely to have had a great deal of interaction with Defendant through its California offices, and because parties have not clearly explained exactly what role these offices played in terms of compliance with the relevant California

7

statutes, there is no reason to conclude that the Central District would be an inconvenient forum. Indeed, it would likely be more convenient for the Plaintiff. This factor therefore favors transfer to the district of Utah, but only slightly more than it favors transfer to the Central District of California.

### C. Ease of Access to Evidence

No party suggests that any relevant documents are stored in the Northern District of California. Plaintiff speculates that relevant documents may be stored in Defendant's offices in the Central District, Opp'n at 8; Kenneth Yoon Decl. ¶ 4,[3] however Defendant claims that nearly all of the documents are in fact stored in Utah, as Defendant actually considered Utah to be Plaintiff's "place of employment," Hayes Decl. ¶ 20; Reply at 9 n.2. Assuming that the relevant documentation is indeed in Utah, this factor favors transfer to Utah over transfer to the Central District. However, as Plaintiff points out, the current physical location of the evidence is a very minor factor when considering a motion to transfer. See Van Slyke v. Capital One Bank, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007) ("With technological advances in document storage and retrieval, transporting documents does not generally create a burden."). As the district court in Van Slyke wrote:

> Other than describing where their records are located, defendants do not contend that transporting records, or reducing them to electronic form, would cause them significant hardship. [Transfer] may reduce discovery costs somewhat, at least for defendants. This factor, however, is of diminished importance and, is neutral toward transfer.

---

[3] Kenneth Yoon ("Yoon"), attorney for Plaintiff, filed a declaration in opposition to the Motion. Opp'n Ex. A.

8

Id. at 1362-63.

### D. Familiarity with Each Forum with Applicable Law

"There is an appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." Van Dusen, 376 U.S. at 645 (citation and ellipses omitted). This factor is clearly neutral as between retention in the Northern District and transfer to the Central District. Either district would be equally familiar with the relevant California statutes. This factor also clearly disfavors transfer to Utah, which is likely to be less familiar with California law than either a court in the Northern or Central Districts of California. Nevertheless, "other federal courts are fully capable of applying California law." Foster, 2007 WL 4410408 at *6. Consequently, this factor weighs only slightly against transfer to Utah.

### E. Feasibility of Consolidation

The feasibility of consolidation is a significant factor in a transfer decision, and even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal., 503 F.2d 384, 389 (9th Cir. 1974). Both parties have pointed out that Defendant is party to a similar putative class action that is ongoing in the Central District of California, involving similar allegations that Defendant has violated many of the same California labor provisions. Jasper v. C.R. England, Inc., No. 08-CV-05266 (C.D. Cal. filed Aug. 11, 2008). The Court

notes that the Jasper suit has not progressed significantly further than this suit.  The plaintiff in Jasper is seeking to certify a class of "[a]ll persons employed by CR England in California as drivers from July 1, 2004, to present."  See id. (Mar. 30, 2009) (order denying motion for class certification without prejudice). Depending on how Defendant classifies its "drivers" and its "trainees," there may be overlap between the class sought by the plaintiff in Jasper and the class that Plaintiff in this suit will eventually seek to certify.  This factor weighs heavily in favor of transfer to the Central District of California.

### F. Local Interest in the Controversy

In resolving motions to transfer, district courts may consider "the local interest in having localized controversies decided at home [and] the the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action."  Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).  This factor is neutral as between retention within the Northern District and transfer to the Central District. However, perhaps more than any other factor, this consideration clearly disfavors adjudication within Utah.  The class that Plaintiff seeks to certify is a class of only California employees who were truck driver trainees, and the Complaint names only causes of action that arise from California state law.  California has a significant interest in enforcing its wage and labor laws, and in promoting the use of California's class action device.  See Sav-On Drug Stores, Inc. v. Sup. Court, 34 Cal. 4th 319, 340 (2004). California has an interest in providing its citizens with a forum in California in which its Citizens can vindicate their rights

10

1 under California law.

2     **G.**    **Relative Court Congestion and Time to Trial**

3     Plaintiff concedes that both the Central District and Utah
4 have lower case loads than the Northern District. Opp'n at 20.
5 Nevertheless, the Court agrees that this is, "at best, a minor
6 factor in the section 1404 calculus." Royal Queentex Enter. v.
7 Sara Lee Corp., No. 99-4787, 2000 WL 246599, *8 (N.D. Cal. Mar. 1,
8 2000). The Court concludes that this factor weighs slightly in
9 favor of transfer to Utah.

10     After weighing all of the considerations offered by both
11 parties, this Court concludes that it would be most appropriate to
12 transfer this suit to the Central District of California. It
13 appears that both Utah and the Central Districts are more relevant
14 to the subject of this litigation, and either would provide a more
15 convenient forum. However, the relative benefits of the District
16 of Utah are slight when compared to the potential for consolidation
17 and the interest in resolving this dispute within the state of
18 California, as it involves a putative California class with
19 grievances founded solely upon California law. The Court therefore
20 GRANTS Defendant's alternative request to transfer this suit to the
21 Central District of California.

23 **V.**    **CONCLUSION**

24     Defendant's Motion to Transfer is DENIED IN PART and GRANTED
25 IN PART. Defendant's request to transfer this suit to the District
26 of Utah is DENIED. Defendant's alternative request to transfer
27 this suit to the Central District of California, which is
28 unopposed, is GRANTED. Pursuant to Civil Local Rule 3-14, the

11

1  Clerk shall transmit the file to the Clerk in the United States
2  District Court for the Central District of California.  As both
3  parties have relied upon the possibility that this suit may be
4  either consolidated or coordinated with Jasper v. C.R. England,
5  Inc., No. 08-CV-05266 (C.D. Cal. filed Aug. 11, 2008), the parties
6  are directed to file a motion to relate within a reasonable time
7  after this suit has been transferred to the Central District.

    IT IS SO ORDERED.

    Dated: October 23, 2009



    UNITED STATES DISTRICT JUDGE